GEORGE READ, Jr's. Adm'r. *vs.* JOHN RANDEL, Jr.

An affidavit of special cause of action made by an *administrator* to hold the defendant to bail, will not prevent his resorting to proof under the general counts at the trial. Depositions taken down by a *clerk* to the commissioner sustained.

ASSUMPSIT for counsel fees, on a special contract, and also on the quantum meruit.

*Frame*, for defendant, produced *four* papers, under a notice served on him by plaintiff.

*J. A. Bayard.*—We called for *the* written agreement between plaintiff and defendant. That paper is now produced, with *three* others which we did not call for, and do not want.

*R. H. Bayard.*—The plaintiff called for the written agreement. We contend that it is contained in *four* papers, and not in one. They are the paper No. 1., together with three others explanatory thereof.

*Court.*—The defendant is bound to produce the paper called for, or the other side may make parol proof of its contents. If he offer any other papers, the party calling is not bound to take them unless he chooses. They do not become evidence without his inspection.

After inspecting these papers, the plaintiff's counsel said they satisfied them that they did not amount to a positive written agreement, but only proposals for one; and therefore, that they should go entirely on the general counts in the narr.

He then offered to read these papers to the jury, in proof of a parol agreement, and in support of the general counts; which was objected to because the plaintiff had sworn on a rule to show cause of bail that the action was founded on a *written* contract. (ante, 327.)

*The Court.*—This affidavit was filed by an *administrator*, and for the purpose of holding the party to bail. It does not state positively that the action is for services rendered under an agreement in writing. He states that he believed it to be so. He spoke of a paper which he had never seen, and which was in possession of the defendant; which was indeed an inchoate agreement, and understood, even by counsel, to have been a complete agreement. Under these circumstances, the affidavit of the administrator is explained. It is not the positive oath of a plaintiff, knowing, or having the means of knowledge, to a certainty, what was the ground of his action. If it were so, he ought reasonably to be held to it; but we cannot shut out all the evidence in this cause because the plaintiff, who sues in the right of another, a mere administrator, has filed a mistaken affidavit, under circumstances wherein he had not full means of knowledge of the facts.

The defendant offered in evidence certain depositions taken under a commission to Hermanus Bleeker of New York, which were objected to because the commission did not authorize the employment of a clerk, and yet this testimony was taken down by a clerk. The English commissions always authorize the employment of a clerk, and prescribe the oath to be administered. The objection was not that the clerk was not sworn; nor to the form of the oath in this case; but to the want of authority to administer it; and because the clerk could not be prosecuted for perjury in violating such an oath.

It was answered, that it was settled in the case about which this suit was brought, (1 *Harr. Rep.* 290,) that a clerk might be used. It is no matter who writes down the witness' testimony, so that the witness reads it over, *signs* it. and swears to it, which is done here. And also that this objection came too late.

*Per Curiam.*—As to the objection that the deposition was written out by a clerk, it has been decided, by this court, (1 *Harr. Rep.* 290,) and we re-affirm that decision. We are satisfied that in many cases it would be impossible to procure testimony from abroad, to be taken by competent commissioners, without allowing them to employ a clerk. The power of procuring such testimony is given by the constitution to this court, and this construction is necessary to its exercise. In this case the oath administered, and all the forms of verifying the depositions, are strictly regular and very particular. The power to administer the oath is expressly given by law; which answers the objection that the clerk could not be indicted for perjury. (*Digest,* 419.)

The case was afterwards compromised, and the plaintiff took a verdict and judgment for $2000.

*J. A. Bayard* and *Gray,* for plaintiff.

*Frame, R. H. Bayard* and *Wales,* for defendant.